# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CIVIL DIVISION

**SUJITAR SINGH,**

                                                      Case Number:

    **Plaintiff,**

v.

**ORCHID OF SIAM, INC.**
**d/b/a KING OF SIAM,**

    **Defendant.**
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

Parties

2. Plaintiff, Sujitar Singh, is a resident of Hillsborough County, Florida.

3. Defendant, Orchid of Siam, Inc., owns and operates a restaurant in Miami, Florida.

4. Plaintiff was employed by Defendant as chef from approximately June 1, 2021, until approximately July 31, 2021.

Jurisdiction

5. Plaintiff resides in Hillsborough County, Florida.

6. Defendant conducts business in Miami-Dade County, Florida.

7. Defendant employed Plaintiff in Miami-Dade County, Florida.

8. All events giving rise to this action occurred in Miami-Dade County, Florida.

Facts

9. Defendant was employed Plaintiff as a chef at Defendant's "King of Siam" restaurant.

10. Defendant classified Plaintiff as a salaried, exempt employee and paid Plaintiff on a salary basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant owns and operates a restaurant in Miami-Dade County, Florida and provides related services in Miami-Dade County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Plaintiff should have been classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

15. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Miami-Dade County, Florida.

16. At all times during her employment, Plaintiff was employed by Defendant as a chef in Defendant's restaurant.

17. During the entirety of her employment, Plaintiff worked at least 70 hours per week.

18. Plaintiff was not paid overtime wages for all of the hours she worked while employed by Defendant.

19. Plaintiff was not subject to any overtime exemptions.

20. Defendant engaged in an illegal policy of requiring Plaintiff to work 70 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

21. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

22. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

23. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

24. Specifically, Defendant suffered and permitted Plaintiff to work at least 30 overtime hours per week in which Plaintiff was not paid at a rate of at least one-and-one-half times her regular rate.

25. It was necessary and required for Plaintiff to work at least 70 hours per week in order to accomplish the tasks assigned to her by Defendant. Plaintiff was the lead chef and was required to work during all restaurant hours, which was approximately 70 hours per week.

26. The off the clock work performed by Defendant were worked in Defendant's restaurant in full view of Defendant's employees and managers.

27. Plaintiff's duties a chef included: preparing food, washing dishes, and cleaning the kitchen.

28. Plaintiff regularly and habitually worked 30 or more of unpaid overtime hours per week during the entirety of her employment.

29. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

30. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

31. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in

refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

32. Defendant is a for-profit corporation that operates and conducts business in, among others, Miami-Dade County Florida, and is therefore, within the jurisdiction of the Court.

33. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved cooking with food and ingredients and required Plaintiff to regularly utilize food, ingredients, tools, and materials that arrived in Florida from out of state.

34. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

35. The Court has jurisdiction over Plaintiff's claims as material events transpired in Miami-Dade County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

36. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as

the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

37. At all material times relevant to this action, Plaintiff in her capacity as a chef, and was individually covered by the FLSA. The very essence of Plaintiff's employment is so closely related to interstate commerce by receiving and cooking with food and ingredients that arrived from out of state that Plaintiff's relationship to interstate commerce cannot be separated.

38. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, receive tools and materials from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

39. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures. Plaintiff did not manage two or more full-time employees or the equivalent, thereof.

40. Instead, Plaintiff performed manual labor for Defendant without supervisory authority or responsibility. Plaintiff's primary duties were cooking, preparing food, and washing dishes. Plaintiff's job duties and responsibilities were non-supervisory and therefore Plaintiff should have been classified as a non-exempt employee entitled to receive overtime wages.

41. Instead, Defendant intentionally misclassified Plaintiff as an exempt employee in order to avoid paying Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

42. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment. Defendant deliberately took advantage of Plaintiff by causing her to work more than 40 hours per week without paying Plaintiff overtime wages.

43. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

44. However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

45. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES**

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

45. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

46. Plaintiff was an hourly, non-exempt employee.

47. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

48. Plaintiff regularly worked beyond 40 hours in a single workweek.

49. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

50. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

52. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 4th day of April, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com